**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1744
_____

ASHLEY BOTELLO,
individually, and on behalf of other similarly situated consumers

v.

NAVIENT SOLUTIONS, LLC,

              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cv-05601)
District Judge: Honorable John M. Vazquez
_____

Argued: April 19, 2024

Before: KRAUSE, BIBAS, and ROTH, *Circuit Judges*

(Filed: July 9, 2024)

Stacy Blank                  **[ARGUED]**
HOLLAND & KNIGHT
100 N. Tampa Street, Suite 4100
P.O. Box 1288
Tampa, FL 33601

Jonathan M. Marmo
HOLLAND & KNIGHT
1650 Market Street
One Liberty Place, Suite 3300
Philadelphia, PA 19103
   *Counsel for Appellant*

Nicholas J. Linker            **[ARGUED]**
Daniel Zemel
ZEMEL LAW
400 Sylvan Avenue, Suite 200
Englewood Cliffs, NJ 07632
    *Counsel for Appellees*

————————————

OPINION*

————————————

BIBAS, *Circuit Judge*.

Broad arbitration clauses apply broadly. Ashley Botello took out two loans and agreed to arbitrate claims that related to the second one in any way. When her loan servicer allegedly misapplied a payment intended for the first loan, she sued. Because her complaint refers to the second loan, though, her loan servicer can make her arbitrate. We will thus reverse the District Court's order denying Navient's motion to compel arbitration and remand.

Almost twenty years ago, Ashley Botello took out the student loans. The first was at a higher interest rate than the second. In 2017, her loan-servicing company, Navient, sent her a statement listing how much it would cost to pay off her first loan: $26,792. She sent in a check for the exact amount.

Navient did not use the check to pay off the first loan. Rather, it spread the payment across both loans, keeping both active and accruing interest. Aggrieved, she brought this class action against Navient in New Jersey state court. She charges that Navient should

———————————————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

have discharged the first loan but did not because it wanted to keep making money on the higher-interest loan.

After removing this case to federal court, Navient moved to compel arbitration. It relied on an arbitration clause in Botello's second loan agreement in which she agreed to arbitrate "any claim, dispute or controversy between [Navient] and [herself] that arises from or *relates in any way* to the [second loan]." JA 176 (emphasis added). She also agreed not to bring a class action through arbitration. Navient argued that the clause's broad language reaches this dispute.

The District Court disagreed. It concluded that the dispute related only to the first loan, which has no arbitration clause. It reasoned that though the terms of the second loan are "relevant," they "are not germane" to the dispute. JA 14 n.6. Thus, it denied Navient's motion to compel arbitration. Navient now appeals.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under the Federal Arbitration Act, which authorizes interlocutory appeals from orders that deny motions to compel arbitration. 9 U.S.C. § 16(a)(1)(B); *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519 n.3 (3d Cir. 2019). We review the arbitration agreement's applicability and scope de novo. *Remicade*, 938 F.3d at 519 n.3.

Because the claim's arbitrability is not "apparent on the face of [the] complaint," the District Court applied the standard used for motions for summary judgment. *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 324–25 (3d Cir. 2022) (internal quotation marks omitted). We do too, "giv[ing] the benefit of all reasonable doubts and inferences" to Botello. *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 140 n.6 (3d Cir. 2022).

3

To interpret the arbitration agreement's scope, we apply Utah law. "We first look to the four corners of the agreement to determine the intentions of the parties." *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 40 P.3d 599, 605 (Utah 2002) (brackets and internal quotation marks omitted). Utah courts start with the words' ordinary meaning. *HITORQ, LLC v. TCC Veterinary Servs., Inc.*, 502 P.3d 281, 286 (Utah 2021).

The arbitration clause reaches disputes that relate to the second loan in any way. In Utah, a dispute is related to a contract if it has "some logical or causal connection to the agreement." *Willow Creek Assocs. of Grantsville LLC v. Hy Barr Inc.*, 501 P.3d 1179, 1186 (Utah Ct. App. 2021) (quoting *Remicade*, 938 F.3d at 524). This nexus may rest either on the dispute's legal claims or its factual allegations.

Here, we need look no further than Botello's own complaint. She alleges that Navient "chose to apply [her] payment to different accounts with lower interest rates in order to profit." JA 39. That "different account[ ]" is the second loan. *Id.* If that loan had not had a lower interest rate, Navient's alleged misallocation would not have hurt her. The second loan is not just logically connected to Botello's allegations; its lower interest rate *is* one of her allegations. This dispute "cannot be adjudicated without reference to, and reliance upon," the second loan. *Remicade*, 938 F.3d at 524 (internal quotation marks omitted). Because her complaint describes the second loan (and indeed depends on it), its arbitration clause applies.

\* \* \* \* \*

Botello's complaint relates to the second loan because it alleges one of the loan's terms—its lower interest rate. That reference draws this dispute into the second loan's

4

arbitration clause. Because Navient may compel arbitration, we will reverse the District Court's order and remand for further proceedings.